[Cite as *State v. Thompson*, 2018-Ohio-1997.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-658 |
| | | (C.P.C. No. 07CR-8101) |
| Ryan A. Thompson, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 22, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee. **Argued:** *Valerie Swanson.*

**On brief:** *The Law Office of Eric J. Allen, Ltd.,* and *Eric J. Allen*, for appellant. **Argued:** *Eric J. Allen.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Ryan A. Thompson is appealing from the denial of his motion to withdraw his guilty plea. He assigns a single error for our consideration

> THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA.

{¶ 2} Thompson, when only 16 years old, engaged in a home invasion robbery. He was accompanied by Daron Hagwood. Thompson knew Hagwood was armed. One of them kicked in the door.

{¶ 3} The two young men were confronted by the homeowner, who was shot and killed.

{¶ 4}  Thompson was originally indicted on charges of aggravated murder, murder, aggravated burglary, and aggravated robbery with a firearm specification.  Because he was only 16 at the time of the killing, he could not be executed but could receive a sentence of life without parole.

{¶ 5}  Thompson and his counsel worked out a plea bargain under the terms of which the aggravated murder charge was dismissed and the associated firearm specification was removed as a result.  The parties agreed to a sentence of incarceration of 21 years to life.

{¶ 6}  The person who was then the trial judge assigned to the case accepted the plea bargain, including the jointly recommended sentence.

{¶ 7}  The murder occurred in July 2007.  The guilty pleas were entered in April 2008.  Thompson filed his motion trying to undo his plea bargain in April 2017, nine years later.

{¶ 8}  The trial court held an evidentiary hearing on the motions and denied relief. Crim.R. 32.1 reads:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶ 9}  The trial court judge found that Thompson had not demonstrated a manifest injustice to be corrected.  We agree.

{¶ 10}  Thompson and his co-defendant kicked in the door of a private residence. The co-defendant then shot the homeowner and killed him.  Thompson knew his co-defendant was armed and that there was a risk the homeowner would be present. Thompson was aware that a shooting could occur under the circumstances.

{¶ 11}  Thompson got the benefit of his plea bargain.  The facts support the crimes to which he pled guilty.  The evidence made his conviction of those crimes inevitable. Nothing about his entering guilty pleas to those crimes, to which parenthetically he had confessed, makes his convictions a manifest injustice.

{¶ 12} The sole assignment of error is overruled.  The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.

———————————